IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-198-BO-BM

NORTH CAROLINA DEPARTMENT OF  )
HEALTH AND HUMAN SERVICES,     )
                               )
            Plaintiff,         )
                               )
      v.                       )            O R D E R
                               )
KENDALL KLETT,                 )
                               )
            Defendant.         )

This cause comes before the Court on plaintiff's motion to remand and defendant's motions to dismiss. [DE 2]; [DE 12]; [DE 14]. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition. For the reasons that follow, plaintiff's motion to remand is granted and this action is remanded to Wake County Superior Court.

BACKGROUND

Plaintiff (NCDHHS) commenced this action by filing a complaint in Wake County Superior Court on March 24, 2026. [DE 1-2]. NCDHHS's complaint alleges a single cause of action for breach of contract against defendant, specifically breach of a settlement agreement defendant entered into with NCDHHS following her dismissal from NCDHHS's employment. *Id.*

Defendant Kendall Klett, who proceeds *pro se*, removed the action to this Court on the basis of its federal question jurisdiction. [DE 1] ¶¶ 4-12. Klett contends that, though styled as a breach of contract action, the central and dispositive issue in NCDHHS's complaint is whether the settlement agreement between Klett and NCDHHS effected a knowing and voluntary release of

Klett's claims under the Americans with Disabilities Act (ADA), specifically 42 U.S.C. § 12203(a). Klett further contends that NCDHHS's breach of contract claim is an attempt to extinguish her pending federal ADA retaliation claim and that complete preemption applies. Klett moved to dismiss NCDHHS's complaint the same day that she removed the complaint. [DE 2].

NCDHHS has moved to remand this action, [DE 12], arguing that this Court lacks both federal question and diversity jurisdiction over its complaint. NCDHHS has also filed an amended complaint, [DE 11], which Klett has moved to dismiss. [DE 14].

## DISCUSSION

Because it concerns its subject matter jurisdiction, the Court considers first NCDHHS's motion to remand. *See Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999). Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). District courts have original jurisdiction over "civil actions arising under the Constitution, law, or treaties of the United States" as well as over cases in which the "matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. §§ 1331; 1332(a)(1).

As noted above, Klett's notice of removal indicates removal on the basis of federal question jurisdiction. *Id.* § 1331. Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

2

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A court considers the operative complaint at the time of removal, not any subsequent amendment to the complaint, in determining whether removal was proper. *See In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890, 892 (D. Md. 2004). A complaint may not be removed on the basis of any federal defense to be raised by the defendant. *Caterpillar*, 482 U.S. at 393.

Here, NCDHHS's complaint at the time of removal pleads only a state law cause of action, and thus the well-pleaded complaint rule would bar removal. Klett argues that NCDHHS's reliance on N.C. Gen. Stat. § 126, the North Carolina Human Resources Act, creates a federal cause of action on the face of its complaint because the North Carolina Human Resources Act incorporates ADA retaliation protections. Klett's argument is without merit. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F. Supp. 2d 586, 589 (M.D.N.C. 1999).

There is, however, a narrow exception to the well-pleaded complaint rule "in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[.]'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (citation omitted). For this exception to apply, four requirements must be met: the federal question must be (1) substantial, (2) necessarily raised, (3) actually disputed, and (4) the federal court "must be able to hear the issue 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

3

Klett argues that this narrow exception to the well-pleaded complaint rule applies because NCDHHS's damages theory necessarily requires this Court to evaluate Klett's ADA retaliation claim, which is pending in this Court.[1] *See Klett v. N. Carolina Dep't of Health & Hum. Servs.*, No. 5:23-cv-467-BO (E.D.N.C.). At the outset, the Court is mindful that it should "be cautious in exercising jurisdiction of this type[.]" *Burrell*, 918 F.3d at 380. Moreover, Klett has failed to demonstrate that any federal question is necessarily raised by NCDHHS's breach of contract claim. Klett has not demonstrated that a federal question is a necessary element of NCDHHS's breach of contract claim, *id.* at 381, or that "*every* legal theory supporting the [breach of contract] claim requires the resolution of a federal issue." *Dixon*, 369 F.3d at 816. Klett has further not demonstrated that the federal question indicates a serious federal interest or that this Court's exercise of jurisdiction over the case will not upset any balance between the state and federal courts. *See Grable & Sons Metal Prods.*, 545 U.S. at 314.

Klett has also argued that the relief sought by NCDHHS in its state court complaint, specific performance of the settlement agreement to include dismissal of Klett's federal lawsuit, can only be granted by a federal court. But NCDHHS's prayer for relief does not constitute a federal cause of action which would confer subject matter jurisdiction to this Court, nor does it necessarily contemplate a court-ordered, rather than voluntary dismissal. Finally, Klett has argued that NCDHSS waived its right to seek removal when it filed an amended complaint in this Court. But NCDHHS timely filed its motion to remand, and thus preserved its right to seek remand under 28 U.S.C. § 1441. *King v. Marriott Int'l Inc.*, 337 F.3d 421, 426 (4th Cir. 2003); *see also id.* at 425 ("diligent objection [to removal] renders waiver doctrine inapplicable"); *Karic v. Schneider Nat'l*

---

[1] Although Klett's notice of removal references preemption, she does not argue that complete preemption provides a basis for removal. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).

*Bulk Carriers, Inc.*, No. CV DLB-24-1327, 2024 WL 4753366, at *5 (D. Md. Nov. 12, 2024) (noting absence of rule in this circuit that affirmative conduct in federal court waives right to seek remand).

In sum, the narrow exception to the well-pleaded complaint rule applicable when a state-law action gives rise to federal question jurisdiction does not apply in this case. Keltt's other arguments in support of removal fail. Accordingly, as the well-pleaded complaint in this action fails to reveal any federal question, and remand is proper. The Court declines to require payment of any costs or expenses incurred by NCDHHS as a result of removal. 28 U.S.C. § 1447(c).

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to remand [DE 12] is GRANTED. This action is REMANDED in its entirety to Wake County Superior Court.

SO ORDERED, this ___ day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5